```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

| | | |
|---|---|---|
| **ERICA F. LEONHARDT** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-2908** |
| **CANAL INSURANCE COMPANY,** | * | **SECTION "B"(3)** |
| **CURTIS KEITH LOGGING AND/OR** | | |
| **CURTIS KEITH AND ROBERT G. SMITH** | | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment on the issue of liability pursuant to Federal Rule of Civil Procedure 56. (Rec. Doc. No. 25). For the following reasons, **IT IS ORDERED** that Plaintiff's motion for summary judgment on the issue of liability be **DENIED**.

### Background

On June 16, 2004, Plaintiff, Erica Leonhardt, sustained injuries following an accident with a mack tractor with a log trailer, driven by Defendant Robert G. Smith, owned by Defendants Curtis Keith Logging and/or Curtis Keith and insured by Defendant Canal Insurance Company. Defendant companies are foreign corporations. Plaintiff brought the above captioned matter on October 25, 2004 seeking damages based upon various claims of negligence, failure to obey traffic laws, and negligent entrustment. (Rec. Doc. No. 1). Plaintiff now seeks summary judgment on the issue of liability.

### LAW AND ARGUMENT

1

Plaintiff argues she is entitled to summary judgment on the question of liability. Defendant Smith made a wide right turn on Louisiana Highway 21 which caused him to use both lanes of roadway and the shoulder of the highway. (Rec. Doc. No. 25 at 5-6). Defendant's deposition testimony confirms this account, in part:

> Q: Could you describe in your own words how the accident happened?
>
> A: I used her lane to make a turn and she came around the curve. When I seen her coming, I got back in my lane and made my turn.
>
> Q: Okay.
>
> A: When I made my turn, I looked in my mirror and see her under my trailer, my pole trailer.
>
> ***
>
> Q: If [the witness] said that you were blocking all lanes and the shoulder at the time of the accident; is she wrong?
>
> A: No.

(Rec. Doc. No. 25 at Ex. "B"). Plaintiff contends these admissions and facts demonstrate Robert Smith breached his duty to drive in a singe lane and maintain a constant lookout for other traffic. (Rec. Doc. No. 25 at 6).

In response, Defendants argue that Plaintiff had the last clear chance to avoid danger and Plaintiff may have been traveling at an excessive speed. (Rec. Doc. No. 29 at 6-7). In support of

this position, Defendant presents the following testimony from Plaintiff's deposition:

> Q: Where was the eighteen-wheeler at this point?
>
> A: He was turning in the curve taking up the whole road.
>
> Q: So he was in your lane?
>
> A: Yes, sir, he was all the way across the road.
>
> Q: Where was he going to turn?
>
> A: Onto Lavinghouse Road.
>
> Q: And that would be on your left, on the driver's side, correct?
>
> A: Yes, sir.

During her deposition, Plaintiff disputed the police diagram taken at the scene, which indicates Plaintiff entered Defendant's lane of travel prior to impact. (Rec. Doc. No. 29 at Ex. "A" p. 29).

The evidence submitted present material issues of fact. Arguably, Plaintiff was aware of Defendant's truck and the truck's attempt to make a turn. (Rec. Doc. No. 29 at Ex. "A" p. 31-32). She may have been able to avoid the accident. Moreover, she has not presented evidence, even in the form of an affidavit, that she was driving at the posted speed limit and could not avoid the tractor-trailer.

New Orleans, Louisiana, this 21st day of March, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE